IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02919-PAB-MEH

AMERICAN PRODUCE, LLC, a limited liability company,

    Plaintiff,

v.

FELIX RIVERA VARGAS, an individual, a/k/a Felix Rivera,
JOHN M. LUNA, an individual, and
RICARDO FELIX RIVERA, an individual, a/k/a Ricardo Felix,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Notice of Motion and Motion for Leave to Serve Defendant Felix Rivera Vargas a/k/a Felix Rivera by Substitute Service [filed March 7, 2012; docket #26]. Filed in conjunction with the motion is the Affidavit of R. Jason Read in Support of Plaintiff's Motion for Leave to Serve Defendant Felix Rivera Vargas a/ka/ Felix Rivera by Substitute Service [docket #27]. For the reasons that follow, Plaintiff's motion is **granted**.

**I.    Background**

Plaintiff initiated this action on November 9, 2011, to enforce the statutory trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e *et seq.* (Docket #1.) As defendants, Plaintiff names Felix Rivera Vargas, also known as Felix Rivera ("Vargas"), John M. Luna ("Luna"), and Ricardo Felix Rivera ("Rivera"). (*Id*.) Thus far, Plaintiff has effected service on two of the three Defendants: Defendant Rivera was served on November 17, 2012, through his wife, Edith Felix ("Edith Rivera") [docket #5], while Defendant Luna was served personally that same day [docket #6]. The Clerk of the Court entered default against Luna and

Rivera on January 20, 2012 [docket #9], and Plaintiff's motion for default judgment against Luna and Rivera is currently pending before the Court [docket #17]. Because Plaintiff's attempts to serve Defendant Vargas have been unsuccessful, Plaintiff filed the present motion seeking leave from the Court to effect substitute service on Vargas instead.

According to Plaintiff's motion and the affidavits submitted therewith, Plaintiff hired a process server in November 2011 to locate and serve Defendant Vargas. (Docket #27 at 3.) The process server attempted to locate Defendant Vargas at Vargas' last known address, 2560 Billings Street, Aurora, Colorado (the "Billings Street address") on November 17, 2011. (Docket #27-1, 2.) The Billings Street address is also home to Defendant Rivera and his wife, Edith. (*Id*.) According to Plaintiff's counsel, Vargas is Rivera's nephew. (Docket #27 at 3.) Edith Rivera answered the door and informed the process server that Vargas had moved to Mexico approximately two months earlier. (Docket #27-1 at 3.)

In addition to efforts made at the Billings Street address, the process server also attempted to serve Defendant Vargas at 21470 E. 42nd Avenue, Denver, Colorado (the "42nd Avenue address"), which was the address Vargas listed with Azteca Ranch Markets, Inc.'s bankruptcy petition.[1] (*Id*.) Between December 7, 2011, and December 20, 2011, the process server made numerous additional attempts to serve Vargas at the 42nd Avenue address; however, Vargas could not be located. (*Id*.) The process server made a final attempt on December 31, 2011, but again, no one was home. (*Id*. at 3.)

After attempting, unsuccessfully, to serve Defendant Vargas at the Billings Street and 42nd Avenue addresses, Plaintiff's counsel began investigating Vargas on the internet using a locate-and-

---

[1] In the "List of Equity Security Holders" filed with Azteca Markets Inc.'s bankruptcy petition, Defendant Vargas identified himself as President of each company and provided the 42nd Avenue address as his own. (Docket #26-1.)

research database available through LexisNexis. (Docket #27 at 3.)  The comprehensive report obtained through the search listed the 42nd Avenue address as Vargas' most recent address.  (*Id.*) Having exhausted all other known options, counsel for Plaintiff sent the summons, complaint, and a waiver of service form by certified mail to the 42nd Avenue address on January 17, 2012.  (*Id.*) The mailing was returned in February as undeliverable because Vargas had not provided a forwarding address.  (*Id.*)

In light the apparent impossibility of personally serving Defendant Vargas, Plaintiff filed the present motion seeking leave from the Court to effect substitute service on  Vargas.  Specifically, Plaintiff seeks to serve either Defendant Rivera, who is Vargas' uncle, or Rivera's wife, Edith Rivera on Plaintiff's behalf.

## II.     Discussion

 Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the court is located or where service is made.  Colorado law expresses a preference for personal service [*see* C.R.C.P. 4(e)], but allows for substitute service under Rule 4(f) as follows:

> [i]n the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and

    (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.

C.R.C.P. 4(f).  Rule 4(g) allows for service by mail or publication "only in actions affecting specific property or status or other proceedings in rem."  Because service by mail or publication is not appropriate in this action, the general provisions of Rule 4(f) control.

  Based on Plaintiff's motion and the affidavit and exhibits submitted therewith [*see* docket #27], the Court finds that substitute service is warranted against Defendant Vargas.  Plaintiff diligently attempted to serve Vargas from November 17, 2011 through January 17, 2012 at various addresses, at various times, and through various methods.  Plaintiff's counsel also undertook the additional time and expense of conducting research to determine whether Plaintiff might be found at another address.  Despite theses extensive efforts, Plaintiff was unable to locate Defendant Vargas.  In accordance with Rule 4(f), the Court is satisfied that Plaintiff has used due diligence to effect personal service on Defendant Vargas, and that further attempts to effect personal service on Vargas would be to no avail.

  Finally, the Court also finds that Plaintiff has identified two adequate recipients for substitute service; namely, Defendant Rivera, or his wife, Edith Rivera.  Defendant Rivera is Vargas' uncle, and thus, Ms. Rivera is presumably his aunt.  The relationship between Vargas and the Riveras is further evidenced by the fact that Vargas resided with the family at one point, and when asked about Vargas' whereabouts, Ms. Rivera was able to provide an answer.  In addition to the familial relationship, there was also a legal relationship between Defendant Rivera and Vargas. In a related legal proceeding in this District [*American Produce v. Azteca Ranch Market Inc., et al*, case no. 10-cv-00620-WYD, docket #5-1], Defendant Vargas provided Defendant Rivera with power of attorney to sign legal documents on his behalf.  (*See* docket #27-2.)  In light of these facts, the Court finds that service on either Defendant Rivera or Edith Rivera is appropriate under the

circumstances and is reasonably calculated to give actual notice to Defendant Vargas.

**III.     Conclusion**

Finding that 1) Plaintiff has employed due diligence in attempting to effect personal service Defendant Vargas; 2) that further attempts at personal service would not be fruitful; 3) that substitute service upon Ricardo Felix Rivera or Edith Felix Rivera is appropriate under the circumstances; and 4) that such service is reasonably calculated to provide actual notice to Defendant Vargas, the Court **grants** Plaintiff's Notice of Motion and Motion for Leave to Serve Defendant Felix Rivera Vargas a/k/a Felix Rivera by Substitute Service [filed March 7, 2012; docket #26] and accordingly authorizes Plaintiff to serve either Ricardo Felix Rivera or Edith Rivera in place of Defendant Vargas.  In accordance with Rule 4(f)(2), Plaintiff shall mail the process to the Riveras' last known address on or before the date of delivery.

Respectfully submitted at Denver, Colorado, this 17th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge